STATE *v.* EARLES.

Opinion delivered December 9, 1907.

LIQUORS—SOLICITING ORDERS AS AGENT.—Under Acts 1907, p. 236, making it unlawful, through agents or otherwise, to solicit or receive orders for the sale of liquor in prohibition territory, evidence that defendant solicited orders for whisky in prohibition territory and afterwards delivered it there will not sustain a conviction under an indictment for soliciting and taking orders for whisky *as an agent* in prohibition territory and transmitting same to a dealer, though it would sustain a conviction of unlawfully selling liquor.

Appeal from Independence Circuit Court; *Frederick D. Fulkerson,* Judge; affirmed.

*William F. Kirby,* Attorney General and *Dan'l Taylor,* for appellee.

1. The gravamen of the offense consists in a dealer soliciting orders in prohibition territory. The allegation that the defendant unlawfully solicited and received an order from Mc-Spadden, to-wit: three quarts of whisky, sufficiently charges the crime under the statute. The further allegation that he transmitted the order in person to the wholesale dealer, etc., is immaterial, and may be treated as surplusage. The defendant is undoubtedly guilty of selling liquor without license. 60 Ark. 312. And under the evidence the presumption is that he is a dealer in intoxicating liquors. No subterfuge will be permitted to defeat the object of the anti-liquor law. 43 Ark. 389.

2. Appellee's contention that the act is unconstitutional is without merit. 205 U. S. 93.

*McCaleb & Reeder* and *Morris M. Cohn,* for appellee.

1. The first section of the act is in conflict with art. 5, § 22, Const. Compare Kirby's Digest, § 5133 with act; 52 Ark. 290; 14 S. W. 1101; 31 Neb. 674; 7 Neb. 409. If the first section of the act is unconstitutional, the other sections of the act, which refer back to and depend upon it, must fall with it. 75 Ark. 542; 25 Ark. 246; 31 Ark. 701; 34 Ark. 224; 49 Ark. 110; 183 U. S. 79; 184 U. S. 540; 22 N. E. 7; 31 N. E. 921; 33 Pac. 515; 22 S. W. 1048; 59 N. W. 362; 6 Neb. 474; 55 N. W. 869.

2. The second section of the act contravenes that provision of the Constitution giving to one accused of crime the right to a trial by a jury of the county in which the crime was committed. Art. 2, § 10, Const.; 30 Ark. 41; 32 Ark. 565; 94 Ga. 766; 82 Ark. 405.

3. The third section is unconstitutional in that it imposes excessive fines and · unusual punishment.

4. The act is an attempted interference with interstate commerce. The Legislature is without such power. 203 U. S. 270; 57 Ark. 24; 54 Ark. 248; 127 U. S. 640; 39 Fed. 59; 55 C. C. A. 208; 127 U. S. 411; 122 U. S. 347; 72 Fed. 850.

5. The act discriminates against citizens and corporations of this State. Such laws are invalid. 75 Ark. 542; 37 Ark. 356; 64 Ark. 83; 53 Ark. 490; 165 U. S. 150; 184 U. S. 558; art. 2, § 3; art. 2, § 18; art. 2, § 20; art. 12, § 11, Const.

McCulloch, J. Appellee, Walter Earles, was indicted for soliciting and receiving an order for intoxicating liquor in prohibition territory in violation of the act of April 1, 1907, which declares it to be "unlawful for any liquor dealer, firm or corporation, engaged in the sale of intoxicating liquors in this State, to in any manner, through agents, circulars, posters or newspaper advertisements, solicit orders for such sales of intoxicating liquors in any territory of this State wherein it would be unlawful to grant a license to make such sales."

Section 2 of this statute is as follows:

"Section 2. The presence of any such liquor dealer, firm or corporation, through agents or otherwise, in such prohibition territory soliciting or receiving orders from any person therein shall constitute a violation of this act, and on conviction thereof shall be fined not less than $200 nor more than $500 for each such offense. *Provided,* that the term 'agent' under this section shall mean any person who receives an order from another for intoxicating liquors in prohibition territory, and transmits the same in person, by letter, telegraph or telephone, or in any other manner, to some dealer in intoxicating liquors, who accepts and fills the same." Acts 1907, page 327.

The indictment charges that the defendant did unlawfully solicit and receive an order from W. W. McSpaddin for intoxicating liquor and transmit the same in person to R. W.

Earnhart, a wholesale liquor dealer, who accepted and filled said order.

The case was tried by consent before the court. A verdict of not guilty was rendered, and the State appealed. It is shown by indisputable testimony that the defendant solicited orders for whisky in prohibition territory, and on the same day procured the whisky from R. W. Earnheart, a distiller in Batesville, Arkansas, and delivered it in the prohibited territory to the purchaser. It was agreed at the trial, as a part of the evidence, that Earnheart was a distiller, and only sold whisky in original packages of five gallons duly stamped as required by law; that in this instance he sold the whisky to the defendant, Walter Earles, and knew no one else in the transaction.

The prosecuting attorney asked the court to declare the law to be as follows:

"4th. Under the term 'agent' of the act of April the 1st, 1907, it is not necessary to show that defendant transmitted the order to some liquor dealer who accepted and filled the same. It is sufficient to show that defendant solicited or received such order for whisky in a prohibition district, as alleged in the indictment, and afterwards delivered to the person the whisky so ordered."

We think that the court properly refused to make the declaration, and reached the correct conclusion in the case. The defendant was indicted, not as a liquor dealer soliciting orders in prohibition territory, but as an agent soliciting and taking orders for intoxicating liquors in prohibition territory and transmitting the same to a dealer. The proof, in order to sustain a conviction, must, of course, conform to the allegations of the indictment.

The undisputed evidence shows that the defendant was not acting as agent for the dealer, but that, after having solicited orders, he purchased from the dealer sufficient quantity of the liquor to fill the orders and then delivered it to the purchasers. He is clearly guilty of unlawfully selling liquor without license, and may also be guilty, as a dealer himself, of soliciting and receiving orders for intoxicating liquors in prohibition territory, but he cannot under this testimony be convicted of soliciting orders as an agent.

The statute in question makes both the liquor dealer and his agent who solicits orders in prohibition territory guilty of an offense, and it defines an "agent" to be one "who receives an order from another for intoxicating liquors in prohibition territory, and transmits the same in person, by letter, telegraph or telephone, or in any other manner, to some dealer in intoxicating liquors who *accepts and fills the same.*" It is not intended by this statute to punish a licensed dealer for merely selling liquor directly to a person who has solicited orders in prohibition territory; but it is unlawful for a licensed dealer to accept and fill an order which has been solicited and received by another person in prohibition territory and transmitted to him. Such an acceptance of the order is, under the statute, tantamount to soliciting the order in prohibition territory.

Judgment affirmed.