## VAN VALKINBURGH v. STATE.

### Opinion delivered November 6, 1911.

1. LIQUORS—SOLICITING ORDERS IN PROHIBITION TERRITORY.—Under Acts 1907, c. 135, section 2, prohibiting the soliciting or taking orders for liquor in prohibition territory, and providing that any person shall be deemed an agent of the liquor dealer "who receives an order from another for intoxicating liquors in prohibition territory and transmits the same in person, by letter, telegraph or telephone, or in any other manner, to some dealer in intoxicating liquors who accepts and fills the same," it is unlawful for a licensed dealer to accept and fill an order which has been solicited and received by another person in prohibition territory and transmitted to him. (Page 19.)

2. SAME—VALIDITY OF POLICE REGULATION.—Acts 1907, c. 135, prohibiting the soliciting or taking orders for liquor in prohibition territory, is a valid exercise of the State's police power. (Page 20.)

Appeal from Bradley Circuit Court; *Henry W. Wells,* Judge; affirmed.

### STATEMENT BY THE COURT.

The grand jury of Bradley County returned against the appellant and his brother, Fay, the following indictment:

"The grand jury of Bradley County, in the name and by the authority of the State of Arkansas, accuse Fay Van Valkinburgh and Henry Van Valkinburgh of the crime of soliciting orders for intoxicating liquors in prohibition territory, committed as follows, towit: The said Fay Van Valkinburgh and Henry Van Valkinburgh in the county and State aforesaid, on or about the 24th day of December, A. D. 1910, being then and there licensed liquor dealers in the State of Arkansas, unlawfully did solicit or receive from one G. W. Givens an order for the sale of intoxicating liquors in Bradley County, Arkansas, wherein it would be unlawful to grant a license to make said sale, contrary to the statutes in such cases made

and provided, and against the peace and dignity of the State of Arkansas."

Dan Givens testified for the State: "I live three miles from Warren, and know both the Van Valkinburgh boys. I understand they are in the whisky business in Dermott, but I haven't been there since they have been in business. I saw Fay in Warren, and asked him if he was going back to Dermott, and he said he was. I asked him if he would send me a half gallon on that train, and he said 'Yes.' I stayed here until the train came and got the whisky. I saw him at Mr. Baker's stable. He was writing something. I do not know whether he was making any note or writing of what I told him or not. I gave him $2. It was all at the same time. The whisky came by express, and I paid the usual charges on it, but I do not remember the exact amount." On cross examination he stated: "Henry Van Valkinburgh was not present at the time, and had nothing to do with the money or the whisky that I know of. I saw Fay Van Valkinburgh, and asked him if he would send me the whisky. I don't know whether he was writing down my order or not. He didn't solicit my order. I went to him. He said he would send me the whisky as an accommodation. He knew my name, and was writing while I talked. I do not know what he was writing."

The court judicially knew the place where the order was given was prohibitive territory, and so declared it to the jury.

Henry Van Valkinburgh testified: "I was engaged in the business of selling liquor in Dermott on December 24, 1910, and have a regular liquor license at that place. I do not know anything about the transaction here. Fay came into the saloon and gave me two dollars and said George Givens wants half a gallon of whisky. Fay had no interest in the business. He was working on a salary. His duties were tending bar at night in the house. I shipped the whisky for the two dollars delivered me there in the house." On cross examination: "I am a licensed liquor dealer. Fay was working for me as bartender, hired by the month. He gave me two dollars, and said George Givens wants half a gallon of whisky. I shipped the whisky by express, charges collect. Fay gets no profits out of the sale of liquor. It all comes to me. He has been off two or three different times, and then

he didn't draw any salary. Whenever he was off, I would take it out of his salary if he was off as much as a week."

The court instructed the jury, and they returned a verdict convicting the appellant, and assessed his punishment at $250, and found his brother Fay not guilty, and from the judgment this appeal is brought.

*B. L. Herring,* for appellant.

1. The variance between the allegations in the indictment and the proof is fatal. There is no proof in the record that Fay Van Valkinburgh was the agent of Henry, or that he held himself out as such, or that he solicited the order. The offenses of "soliciting or receiving an order for the sale of intoxicating liquor" and of "accepting and filling an order for the sale of intoxicating liquor which has been solicited or received by another," are separate and distinct, and proof of either offense will not support an indictment for the other. 84 Ark. 479, 481; 64 Ark. 188; 66 Ark. 120.

2. The evidence is not sufficient to show that Fay Van Valkinburgh solicited or received an order for the sale of intoxicating liquors from G. W. Givens within the meaning and intention of the act of April 1, 1907. Acts 1907, p. 326; 90 Ark. 582, and cases cited.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

The indictment is drawn under sections 2 and 3 of the act (1907, p. 326), and the proof is conclusive that Fay Van Valkinburgh was in prohibition territory and there received the order. This constitutes a violation by the liquor dealer himself. The act is constitutional, and no errors are found in the record. 84 Ark. 479; 88 Ark. 273; 97 Ark. 38.

Kirby, J., (after stating the facts). It is contended here that the court erred in refusing to declare unconstitutional the proviso defining the term "agent" in the second section of the acts of 1907.

The proof conclusively shows that appellant was a licensed liquor dealer at Dermott, and that the order for the liquor was given to his brother Fay at Warren, in prohibition territory, with two dollars in money, to pay for the whisky. That Givens gave the order to the said Fay Van Valkinburgh, without

solicitation from him, but understanding at the time that he and his brother were engaged in the sale of liquor at Dermott. The order was by him in person transmitted to appellant at Dermott, and filled and the money received in payment, the whisky being shipped in accordance with the direction of the person ordering it.

Within the definition given in said act, and under its terms, which were all given to the jury as instructions in this case, there can be no doubt but that appellant was guilty of a violation of it. Fay Van Valkinburgh, who was his employee for the sale of whisky, and who was known by the person ordering to be engaged with his brother in the sale of whisky at Dermott, was in prohibition territory, received the order for the whisky, transmitted and in person delivered it to the appellant at the saloon, who accepted and filled it.

It is true that appellant said that Fay had no authority to solicit and receive orders for whisky, and was only employed as a night bartender, for the sale of whisky over the bar in the saloon, but it could have reasonably been inferred that he was acting as agent for appellant in receiving and transmitting the order, as he unquestionably was his agent within the meaning of the term as defined in said act and also guilty of a violation of it. The object of the statute was to prevent the advertisement of liquor for sale and the soliciting and receiving orders from any person therein for the sale thereof, within prohibition territory, and to prevent the presence of liquor dealers, through agent or otherwise, in such territory, soliciting or receiving orders from persons therein, and it broadly defines the term "agent" to "mean any person who receives an order from another for intoxicating liquors in prohibition territory and transmits the same in person, by letter, telegraph or telephone, or in any other manner, to some dealer in intoxicating liquors, who accepts and fills the same." (Acts 1907, c. 135, § 2.)

In *State* v. *Earles*, 84 Ark. 479, this court said:

"The statute in question makes both the liquor dealer and his agent who solicits orders in prohibition territory guilty of an offense, and it defines an "agent" to be one "who receives an order from another for intoxicating liquors in prohibition territory, and transmits the same in person, by letter, tele-

graph or telephone, or in any other manner, to some dealer in intoxicating liquors who accepts and fills the same.

"It is not intended by this statute to punish a licensed dealer for merely selling liquor directly to a person who has solicited orders in prohibition territory; but it is unlawful for a licensed dealer to accept and fill an order which has been solicited and received by another person in prohibition territory and transmitted to him. Such an acceptance of the order is, under the statute, tantamount to soliciting the order in prohibition territory."

No error was committed in giving the instructions in the language of the statute.

If appellant had desired an instruction submitting a different view from that expressed as to the meaning of agency, he should have asked a correct instruction embodying it. Not having done so, he will not be heard to complain of the failure of the court to so instruct the jury. This act is a police regulation, intended to protect the wishes of the citizenship of the prohibition districts of the State and suppress the receiving and solicitation of orders and advertisements for the sale of liquor therein, and was well within the power of the Legislature to enact. *Zinn* v. *State*, 88 Ark. 275.

The judgment is affirmed.