## STATE v. BREWER.

### Opinion delivered July 13, 1914.

1. LIQUOR—SELLING IN PROHIBITION TERRITORY.—The purpose of Act 135, Acts 1907, making it a crime to solicit orders for liquor in prohibition territory, is meant primarily to prevent licensed liquor dealers and their agents, from soliciting orders for intoxicating liquors in prohibition territory, and from even accepting such orders when voluntarily tendered.

2. LIQUOR—SOLICITING ORDERS IN PROHIBITION TERRITORY—AGENT.—Under Act 135, Acts 1907, making it a crime to take orders for the sale of intoxicating liquors in prohibition territory, a person may be convicted without it being shown that he was in fact acting as agent of a liquor dealer, where he solicited or received an order for intoxicating liquors, for the statute makes it an offense for any person to solicit or even receive orders in prohibition territory and transmit the same.

3. LIQUOR—SOLICITING ORDERS IN PROHIBITION TERRITORY.—The mere solicitation of an order without the same being filled is sufficient to make out the offense, denounced in Act 135, Acts 1907, and the mere acceptance and transmission of such an order, when it is accepted and filled by the dealer, constitutes the crime named.

4. LIQUOR—SOLICITING ORDERS IN PROHIBITION TERRITORY—CRIME OF—RIGHT OF LEGISLATURE.—The Legislature has the right to declare it a crime to solicit orders for liquor in prohibition territory, or to receive orders and transmit the same to a licensed dealer elsewhere.

5. LIQUOR—SOLICITING ORDERS IN PROHIBITION TERRITORY.—Defendant will be held guilty of the crime denounced in Act 135, Acts 1907, where the undisputed evidence shows that he received an order in prohibition territory, and, in person, transmitted it to a liquor dealer, who filled the order.

6. LIQUOR—SOLICITING ORDERS—VERBAL ORDER.—Under Act 135, Acts 1907, making it a crime to solicit "orders" for intoxicating liquor in prohibition territory, the term "order" held to mean merely a proposal or request, and that the same, to come within the statute, does not need to be in writing.

Appeal from Lee Circuit Court; *J. M. Jackson,* Judge; reversed.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellant.

Under the act of 1901, there was an exception in favor of a person who bought for a friend, but there is no exception in the act of 1907. 102 Ark. 16, does not apply.

*Roleson & McCulloch,* for appellee. ·

1. The word "order" is correctly defined in 29 Cyc. 1509. The agreed statement of facts does not support the indictment. Defendant never solicited any order. 102 Ark. 16 does not apply.

2. The act is highly penal and should be strictly construed. 53 Ark. 334.

McCULLOCH, C. J. In the indictment in this case the defendant is charged with soliciting an order from another person for intoxicating liquors in prohibition territory, and also with receiving such an order in prohibition territory and transmitting said order to a licensed liquor dealer at another place who accepted and filled the order.

The case was tried upon an agreed statement of facts before the court sitting as a jury, and the court found in favor of the defendant, and the State appealed.

The statute on which the indictment was based reads as follows:

"Sec. 1. It shall be unlawful for any liquor dealer, firm or corporation, engaged in the sale of intoxicating liquors in this State, to in any manner, through agents, circulars, posters or newspaper advertisements, solicit orders for such sales of intoxicating liquors in any territory in this State wherein it would be unlawful to grant a license to make such sales. *Provided,* that the term 'newspaper advertisements,' as used in this section, does not refer to liquor advertisements in papers published within licensed territory, unless such papers are sent into prohibition territory by the saloon keeper, or their agents, for advertising purposes.

"Sec. 2. The presence of any such liquor dealer, firm or corporation, through agents or otherwise, in such prohibition territory, soliciting or receiving orders from any person therein, shall constitute a violation of this act, and on conviction thereof shall be fined not less than two hundred dollars, nor more than five hundred dollars, for each such offense. Provided, that the term 'agent,' under this section, shall mean any person who receives an order from another for intoxicating liquors in prohibi-

tion territory and transmits the same in person, by letter, telegraph or telephone, or in any other manner, to some dealer in intoxicating liquors who accepts and fills the same." Act No. 135, of the Acts of 1907.

It was agreed that the defendant had received an order in prohibition territory for four quarts of whiskey; that he carried that order, and money with which to pay for the whiskey, to a licensed dealer at Helena, Arkansas, and brought back the liquor and delivered it to the person who gave him the order in prohibition territory.

(1-2) The purpose of the statute is, primarily, to prevent licensed liquor dealers and their agents from soliciting orders for intoxicating liquors in prohibition territory, and from even accepting such orders when voluntarily tendered. In order to carry out that design, the Legislature doubtless deemed it necessary to put in a provision which would prevent evasions, and to do so, they declared that the terms agent "shall mean any person who receives an order from another for intoxicating liquors in prohibition territory, and transmits the same in person, by letter, etc., * * * to some dealer in intoxicating liquors who accepts and fills the same."

Now, it is not necessary, in order to convict a person under this statute, to show that he was, in fact, acting as agent of a liquor dealer when he solicited or received an order for intoxicating liquors, for the effect of the statute is to make it an offense for any person, whether, in fact, the agent of a dealer or not, to solicit orders in prohibition territory or to receive such orders and transmit the same. The mere solicitation of an order without the same being filled is sufficient to make out an offense, or where, as in this case, the order is not solicited, the mere acceptance and transmission of the order to any dealer is sufficient if the order is accepted by the dealer and filled.

(3-4) It is said that under the facts in this case, the defendant was merely acting for accommodation to the person who gave him the order, and was the agent of the purchaser, and not of the seller.

That, however, does not afford an avenue for escape from the terms of the statute, for it unmistakably declares that any person who receives an order and transmits it to a dealer who fills it is guilty of an offense.

The statute, in that view of it, is a very drastic one, but with the policy of it we have nothing to do. The Legislature has power to declare such an act to be a criminal offense. This is manifestly what the Legislature meant by the language incorporated in the statute, and its drastic effect is not sufficient to lead us into a plain disregard of the legislative mandate.

The decisions of this court in *State* v. *Earles*, 84 Ark. 479, and *Van Valkinburgh* v. *State*, 102 Ark. 16, clearly indicate this interpretation of the statute.

A similar thought was expressed by the Supreme Court of the United States in the case of *New York ex rel. Silz* v. *Hesterberg*, 211 U. S. 31, in passing upon the constitutionality of a New York statute for the protection of wild game in that State, and which made it a criminal offense for any person to have possession of such game within the closed season. The court, speaking through Mr. Justice Day, said:

"It is contended, in this connection, that the protection of the game of the State does not require that a penalty be imposed for the possession out of season of imported game of the kind held by the relator. It is insisted that a method of inspection can be established which will distinguish the imported game from that of the domestic variety, and prevent confusion in its handling and selling. That such game can be distinguished from domestic game has been disclosed in the record in this case, and it may be that such inspection laws would be all that would be required for the protection of domestic game. But, subject to constitutional limitations, the Legislature of the State is authorized to pass measures for the protection of the people of the State in the exercise of the police power, and is itself the judge of the necessity or expediency of the means adopted. In order to protect local game during the closed season it has been

found expedient to make possession of all such game during that time, whether taken within or without the State, a misdemeanor.''

The statute was held to be valid.

The facts are undisputed that defendant received an order in prohibition territory, and, in person, transmitted it to a liquor dealer, who filled the order, and he is guilty under the statute quoted.

The indictment in this case charges both soliciting an order and receiving and transmitting such order.

The two offenses, or, rather, the two methods of committing the same offense, should have been incorporated in different counts of the indictment, but no question was raised as to the form of the indictment.

(5) The evidence does not show that the defendant solicited the order, but, as before stated, it does show that he received the order and transmitted it to a dealer who filled it.

In the *Earles* case, *supra,* we held that the indictment, which was similar to the indictment in this case, charged the defendant with soliciting and transmitting the order, but that the evidence showed that he sold the liquor, and that that constituted a variance, which prevented a conviction in that case. The facts in that case were that defendant, after soliciting orders, purchased the liquor in packages of five gallons from a distiller, and then filled the orders which he had received, and that in that case he was guilty of selling liquor, instead of receiving and transmitting the orders. In other words, the facts in that case were that he purchased the liquor and resold it, and was guilty of a sale, and not of the receiving and transmitting of the order; whereas, in the present case, the defendant did not purchase the liquor and resell it in prohibition territory, but he received an order in that territory and transmitted it, which made him guilty under the statute quoted.

Our conclusion is that the court erred in its finding, and the judgment is reversed and the cause. remanded for a new trial.

SMITH, J., dissents.

### ON REHEARING.

McCULLOCH, C. J.   It is urged that we erred in the assumption of fact that the defendant received and transmitted an "order" for whiskey. The recital of the agreed statement of facts is that at the time and place named, the defendant "was about to take a train to Helena, Ark., and that James Hobart approched him and requested that he purchase for him, the said James Hobart, in Helena, four quarts of whiskey," and the defendant went to Helena, purchased the whiskey from a licensed liquor dealer, and carried it back to Marianna and delivered it to Hobart.

(6)   An order, speaking in commercial terminology, is merely a proposal or request, and that is the sense in which the word is used in the statute. One of the definitions given by Webster is: "A commission to purchase, sell or supply goods." The request of Hobart therefore amounted to an order. The statute does not require that the order be in writing. In fact, the language of the statute, read as a whole, excludes the idea that the order must be in writing before there can be a violation of law. Under any other interpretation of the word, the liquor dealer himself would not be guilty of any violation by receiving a verbal order for whiskey in prohibition territory. If the request to purchase liquor would not amount to an order within the meaning of the statute, then that clause of the statute is meaningless and without any force whatever, for the preceding clause makes it unlawful for one who is in fact the agent of a liquor dealer to solicit or receive an order in prohibition territory. The purpose of the statute is to prohibit subterfuge by declaring one who receives an order to be the agent of any dealer to whom the order may be transmitted. Thus the law of agency is changed by the statute and the statutory

definition of the word "agent" is applied to the circumstances described.

We adhere to our former conclusion that the facts stated in the opinion make out a case against the defendant for receiving an order in prohibition territory.

Rehearing is denied.