*Ex parte* BOLES.

Opinion delivered December 14, 1908.

1. CERTIORARI—PARTIES.—One who was not a party to a habeas corpus
   proceeding before a chancellor is not entitled to apply for a writ of
   certiorari to review the chancellor's finding. (Page 390.)

2. HABEAS CORPUS—PARTIES.—Upon habeas corpus to procure petitioner's
   release from imprisonment for contempt of court, the only parties
   entitled to be heard are the applicant for the writ and the officer having him in custody, unless it be the State. (Page 391.)

Certiorari to Sebastian Chancery Court; *J. Virgil Bourland,*
Chancellor; writ denied.

*Frank A. Youmans,* for petitioner.

*Oscar L. Miles,* for respondent.

BATTLE, J.    Thomas Boles petitions to this court for a writ of certiorari directing the Honorable J. V. Bourland, Chancellor of the Tenth Chancery District, to cause certain proceedings had before him to be certified to this court for review.    He alleges as follows:    Robert A. Young, James N. Kelley and Jesse A. Jones were appointed commissioners of election for Sebastian County before the last general election.    He (Boles) and John H. Holland were candidates for the office of State Senator for Sebastian County, it being the Twenty-eighth Senatorial District of Arkansas, at the general election held in September, 1908.    According to the returns of such election, Holland received for senator a majority of twenty-seven votes.    Commissioners met on Monday, the 21st day of September, 1908, after the election, to ascertain and declare the result.    They counted the ballots in only three precincts, and Boles gained by the count seventeen votes and reduced Holland's majority to ten.    They refused to count the ballots cast at the other precincts, although requested to do so by Boles by a proper petition, and immediately issued a certificate of election to Holland as senator.    Afterwards, on the ———— day of September, 1908, petitioner, within the time and in the manner required by law, "served notice of contest of said election upon Holland," and named therein Ezra J. Morgan and L. F. Fishback, two justices of the peace of Sebastian County, as the justices before whom, at a day therein named and within the time required by law, he would take the depositions of witnesses in behalf of himself.    In the taking of depositions it appeared that many illegal votes were cast at the election, 265 being polled in the First Ward in Fort Smith.    The returns from that ward showed that Holland received a majority in that precinct of 180. In order to ascertain how such illegal votes, as well as other illegal votes, cast at other precincts in the county, were cast and counted, it became necessary to inspect the ballots.    For that purpose James N. Kelley, one of the commissioners who had custody of all the ballots cast at the election in Sebastian County, was summoned to appear before the justices and bring with him the ballots.    He appeared before the justices and refused to produce the ballots.    An attachment for contempt was issued against

him, and, he still persisting in his refusal, the justices adjudged that he was in contempt, and ordered that he be committed to jail for five days, and issued a warrant of commitment, and under it he was taken into custody. He thereupon applied for and obtained a writ of habeas corpus from Honorable J. V. Bourland, Chancellor, then sitting in chambers, and upon hearing the chancellor held that the justices had no right to compel the production of the ballots, and for that reason declared the warrant of commitment to be void, and discharged Kelley.

Petitioner asked that a writ of certiorari be issued by this court, directing the chancellor to cause the proceedings mentioned herein to be certified to this court, to the end that his decision may be reviewed and held for naught.

James N. Kelley moves to dismiss the petition, because, among other reasons, the petitioner, Thomas Boles, was not a party to the habeas corpus proceedings. That being true, can he maintain this proceeding?

In *Sumerow* v. *Johnson,* 56 Ark. 85, this court held that a petitioner for a writ of certiorari is not entitled to the writ if he was not a party to the proceeding he seeks to quash. *Black* v. *Brinkley,* 54 Ark. 372. But in *Burgett* v. *Apperson,* 52 Ark. 213, the daughter and sole heir of Isaac Burgett, deceased, presented her petition to the circuit court for a writ of certiorari to quash an order of the probate court confirming a sale of her father's lands made by the administrator of his estate to pay debts, and the court held that she was entitled to the writ, notwithstanding she was not a party to the proceeding in which the order was made, she having shown a valid excuse for not becoming a party to the proceeding and prosecuting an appeal.

"The test of the right to certiorari is, was the person seeking the writ a party in form or in substance to the proceedings sought to be reviewed, so as to be concluded by the determination thereon?" *Starkweather* v. *Seeley,* 45 Barb. 164, 168; 6 Cyc. 766; 4 Enc. of Pl. & Pr. 167. Under some circumstances and in some jurisdictions the writ may be granted on the application of one whose interest in the proceedings sought to be quashed is direct and immediate, who was not a party. *Bath Bridge & Turnpike Company* v. *Magoun,* 8 Greenleaf (Me.) 292; *Campau* v. *Button,* 33 Mich. 525; *Wilson* v. *Bartholomew,* 45 Mich. 41;

4 Enc. of Pl. & Pr., 167; 6 Cyc. 767, and cases cited. Such an interest would entitle such a person to be made a party in this State (Kirby's Digest, § § 6005, 6006), but would not be sufficient to entitle him to the writ, according to *Burgett* v. *Apperson*, 52 Ark. 213, unless he had lost the opportunity of becoming a party through no fault of his own.

In this case the proceedings sought to be quashed were instituted for the purpose of relieving Kelly of imprisonment imposed upon him as a punishment for contempt, the term of which was fixed at five days. The attachment and commitment of Kelly were a criminal proceeding. The penalty assessed was imprisonment for five days. There was no condition that he should be relieved on production of the ballots. There was nothing in the proceeding of a civil nature which formed any basis for Boles to claim the right to be heard. The habeas corpus proceeding involved the liberty of Kelly, and in that Boles had no interest which made it admissible to make him a party. In habeas corpus proceedings like that in question herein the only parties entitled to be heard are the applicant for the writ and the officer in custody of the party restrained of his liberty, unless it be the State.

The petition for writ of certiorari is denied.