TAYLOR *v.* MOORE.

Opinion delivered June 12, 1911.

1. HABEAS CORPUS—METHOD OF REVIEW.—The proper method of bringing up proceedings on habeas corpus for review is by means of a writ of certiorari. (Page 414.)

2. MUNICIPAL ORDINANCE—DRUMMING FOR HOTELS, ETC.—Under Kirby's Digest, § 5438, impowering municipal corporations "to regulate drumming or soliciting persons who arrive on trains, or otherwise, for hotels, boarding houses, bath houses or doctors," an ordinance prohibiting persons from drumming or soliciting strangers on the streets for hotels, boarding houses, etc., may be upheld as intended to regulate drumming or soliciting persons arriving in the city, and not those already located. (Page 414.)

3. CERTIORARI—QUESTION RAISED.—Upon certiorari to review the action of the chancellor below in denying a writ of habeas corpus, the question of the petitioner's guilt of the offense of which he was convicted cannot be raised, the proper method of raising that question being by appeal from the judgment of conviction. (Page 415.)

Appeal from Garland Chancery Court; *A. Curl,* Chancellor; affirmed.

*Appellant, pro se.*

1. The ordinance is unconstitutional and void because it deprives the citizen of his liberty to pursue his legitimate business. The police power is limited to those things essential to the safety, health, comfort and morals of the community, and any enactments seeking to restrict the liberty of a citizen in matters that do not fall within the scope of the police power, as thus defined, is void. 64 Ark. 424; 58 Ark. 407; 123 U. S. 623; 152 U. S. 137; 165 U. S. 589; 198 U. S. 57; 193 Ill. 334, 62 N. E. 219, 220; 98 N. Y. 108, 17 N. E. 343; 155 Ill. 88, 40 N. E. 545; 1 Abb. (N. S.) 388; 15 Fed. Cas. 652; 98 N. Y. 105; 98 Cal. 73, 32 Pac. 872; Tiedeman's Lim. Police Power, § 102; 89 N. Y. Supp. 193; 36 W. Va. 856; 33 W. Va. 179; 147 Ill. 66; 157 N. Y. 116, 51 N. E. 1006; Hare, American Const. Law, 777; Cooley Const. Lim. (6 ed.) 738.

2. The right to solicit patronage for a hotel or other legitimate business is a mere incident to that business which cannot be taken away from the proprietor by legislative enactment. 73 Mich. 288, 51 N. W. 275.

3. The ordinance is void also because it seeks to abridge the right of freedom of speech. Cooley, Const. Lim. (6 ed.) 510-518.

4. It is void because it deprives the citizen of the equal protection of the law. It is discriminatory in that it prevents hotel keepers, etc., from soliciting visitors, but permits solicita-

tion of residents of the city at any time.     118 U. S. 368; 165
U. S. 150; 174 U. S. 96; 13 Fed. 733; 2 Yerger 554; 24 Am.
Dec. 512; 183 U. S. 79; 183 U. S. 555; 185 Ill. 139; 57 N. E.
41; 117 Ill. 294; 155 Ill. 98; 65 Conn. 478; 75 Ark. 545.

*H. H. Myers,* for appellee.

The principles involved in this case have been settled by the
court contrary to appellant's contention in *Williams* v. *State,* 85
Ark. 470, afterwards approved by the Supreme Court of the
United States.     See 217 U. S. 79 and cases cited.     The ordi-
nance here in question is clearly within the powers given under
the statute, it being a police regulation and nothing more.   Kirby's
Dig. § 5438; 64 Ark. 152; 43 Ark. 82; 56 Ark. 370; 1 Dill. Mun.
Corp. (4 ed.) § § 327, 328, 420 and note; 52 Ark. 312.

Every presumption will be indulged in favor of the validity
of an ordinance, and it will not be declared void unless it plainly
appears so.     88 Ark. 263; 64 Ark. 152.

McCULLOCH, C. J.   C. L. Taylor was convicted of violating
an ordinance of the city of Hot Springs which regulates drum-
ming for hotels, boarding houses, bath houses, etc.   He sought
discharge from custody by the writ of habeas corpus issued by
the chancellor, and in that way attacks the validity of the ordi-
nance.   On hearing of the writ the chancellor decided that the
ordinance is valid, and remanded the petitioner to the custody of
the chief of police for enforcement of the punishment imposed
by the police court.   An appeal to this court was obtained, and
the transcript lodged here.   The correct practice in such cases is
to apply here for a writ of certiorari for the purpose of bringing
up for review the record of the proceedings before the chancellor,
as an appeal does not lie from an order or judgment of the chan-
cellor on habeas corpus.   Ex parte *Jackson,* 45 Ark. 158; *State*
v. *Neel,* 48 Ark. 283.   Inasmuch, however, as the respondent,
the chief of police, has appeared here and treated the record as
correct, and as having been properly brought up for review, we
will so accept it and proceed to pass on the questions involved.

The statutes of the State impower municipal corporations
"to regulate drumming or soliciting persons who arrive on trains,
or otherwise, for hotels, boarding houses, bath houses or doctors;
to license such drummers, and to provide that each drummer shall

.wear a badge plainly exposed to view, showing for whom and for what he is drumming or soliciting patronage, and to punish by fines any violation of this provision." Kirby's Digest, § 5438. In *Hot Springs* v. *Curry,* 64 Ark. 152, this court upheld an ordinance requiring hotel drummers to wear a badge. The ordinance now under consideration provides, in substance, that persons shall not drum or solicit strangers on the streets, for hotels, boarding houses, etc., except while occupying at railroad stations a place designated by the chief of police. The effect of this ordinance, therefore, is to permit proprietors of hotels, etc., and their employees, to solicit at railroad stations the patronage of arriving strangers, but not at any other place on the streets of the city. The statute, it will be noticed, authorizes municipal corporations only to "regulate drumming or soliciting persons who arrive on trains, or otherwise," but not to regulate drumming or soliciting generally for hotels, etc. The ordinance is, we think, susceptible of the interpretation that it was intended to regulate drumming or soliciting persons arriving in the city, and not those who have become located and have ceased to be recent arrivals. It is our duty to so interpret the ordinance as that it will not transcend the power conferred by the Legislature, if that may be done without violating the plain meaning of the language employed. *Hot Springs* v. *Curry, supra.* The statute and said ordinance passed pursuant thereto, as thus interpreted, are not an abuse of the police power. *Williams* v. *State,* 85 Ark. 464; S. C. 217 U. S. 79. In this form of proceeding we must assume that the evidence warranted the finding that the ordinance had been violated. The case cannot be tried over again on habeas corpus. *Ex parte Byles,* 93 Ark. 612.

The judgment is therefore affirmed.