## *In re* JONES.

## Opinion delivered October 2, 1911.

1. CRIMINAL LAW—IMPRISONMENT FOR FINE—VALIDITY.—Under Kirby's Digest, § 2443, providing that "if the punishment of an offense be a fine, the judgment shall direct that the defendant be imprisoned until the fine and costs are paid," etc., the omission of such direction from the judgment was a clerical misprision, and it was nevertheless the duty of the sheriff, or the county contractor, if there be one, to retain the defendant in custody until the fine and costs were paid. (Page 231.)

2. HABEAS CORPUS—IRREGULAR COMMITMENT.—Under Kirby's Digest, § 3867, a prisoner who has been committed to a county contractor until his fine and costs are paid is not entitled to be released on habeas corpus because his commitment failed to direct that he "be imprisoned until the fine and costs are paid" if it appears that he was held in custody under a judgment of a court of competent jurisdiction and under a contract legally made for the hire of county prisoners. (Page 232.)

3. COUNTY COURT—JURISDICTION OVER COUNTY PRISONERS.—The county court has exclusive original jurisdiction to make contracts for the hire of county convicts, and to cancel such contracts upon the failure of the contractor to comply with the contract and the law relating to the treatment of convicts. (Page 232.)

Certiorari to Jackson Circuit Court; *R. E. Jeffrey*, Judge; judgment quashed.

## STATEMENT BY THE COURT.

This is an application for certiorari to the Jackson Circuit Court and to set aside and quash its judgment on a habeas corpus proceeding, taking Eunice Jones from the custody of the county convict contractor and remanding him to jail because said court was without jurisdiction to make such order and judgment.

On June 6, 1911, Eunice Jones petitioned the judge of the Third Judicial Circuit for a writ of habeas corpus, alleging that he was being wrongfully and illegally restrained of his liberty by John Bomer near Wilson in Mississippi County, Arkansas. The writ was issued, and said Bomer produced said petitioner before the court, and for a response to the petition alleged: "That he was a contractor for the hire of the county convicts of Jackson County, having duly entered into contract with the county judge, and filed the bond as required by law, copies of which were filed as exhibits. That on December 3, 1910, by an order of the Jackson County Court it was adjudged that all convicts committed to the jail of Jackson County in default of payment of fines for contempt of court, be delivered to him under the contract. That on the 9th day of February, 1911, by judgment and sentence of the Jackson Circuit Court, the said Eunice Jones was fined in the sum of $100, and on the said day was convicted again and fined in the further sum of $100. That on the 11th day of February, 1911, the said Eunice Jones upon his pleas of guilty in such circuit court was fined and sentenced in four several judgments in the sum of $50 each by said court. Certified copies of said judgments were filed with the response, and fee bills in each case as exhibits to the response, the total fine and costs amounting to $569.35. "That, under and by virtue of the foregoing, said Eunice Jones was delivered to him at Wilson, Ark., on the 11th day of March, 1911, at night by the sheriff of Jackson County, Ark., and has been in his custody since said time, a total of 90 days, and is by reason thereof entitled to credit upon said fine and costs of $62.50, leaving due the sum of $507.35."

Each of said judgments for fines against said Eunice Jones recited that he was present in court in person and by attorney, and, after the record of the verdict in the first two

and pleas of guilty in the other four, concluded: "It is therefore by the court considered, ordered and adjudged that the State of Arkansas do have and recover of and from the said defendant, Eunice Jones, the sum of $100, together with all of her costs herein expended, for which execution may issue."

On June 12, respondent filed an amended petition to the Jackson Circuit Court as follows:

"Your petitioner, Eunice Jones, respectfully shows that he is now restrained of his liberty by one John Bomer at or near Wilson, in Mississippi County, Arkansas, illegally and wrongfully, viz.: he is not restrained by virtue of any process from any court legally constituted or by virtue of the act of any officer in the exercise of any judicial proceedings before him; and, further, the said Bomer is not a responsible person, as required by law; the said Bomer, and those employed by him, do not properly provide for petitioner; do not clothe him comfortably; do not furnish him at all times, or at any time, with wholesome food or a sufficient amount of food; do not provide all necessary medicines and medical attention, or any medical attention whatever; they work petitioner more severely and for a longer number of hours daily than is the custom for "free labor" engaged in the same or similar work as that provided for petitioner; do not provide petitioner with proper sleeping accommodations at any time; do not observe all rules and regulations enjoined by law or otherwise, nor do they observe any rules for laws or regulations enjoined by law with regard to petitioner; and petitioner is by said Bomer "compelled to labor at a kind of business that tends to impair his health and strength, and which does impair his health and strength; and cruel and unusual punishment is being inflicted upon him.

"He therefore prays your honor to grant a writ of habeas corpus directed to said John Bomer, commanding him to bring before your Honor the petitioner's body to do and abide such orders as your Honor may direct."

To which the petitioner responded, denying all the allegations thereof, and relying upon the defense set up in his first response.

The court, over petitioner's objection, proceeded to hear

testimony in support of the allegations made by the respondent. The county judge and the sheriff of Jackson County and several other witnesses testified as to the conditions existing at the camp where respondent was being worked under the contract, some of the evidence tending strongly to show that the convicts were not being furnished the proper food, clothing and medical attention as required by law and agreed to be supplied by said contractor under the terms of the contract.

The court granted the prayer of the respondent Jones, and remanded him into the custody of the sheriff of Jackson County, giving as his reason therefor: "The court being sufficiently advised in the premises, without regard to the evidence of other conditions on the county farm as managed by the said Bomer, finds that the sanitary conditions of said stockade are unsanitary and amounted to a violation of the contract entered into between the said Bomer and Jackson County, by reason whereof the said Eunice Jones is illegally restrained by said Bomer."

Thereupon petitioner Bomer made application to this court for certiorari to quash said judgment.

*John W. & Joseph M. Stayton,* and *Coleman, Lewis & Cunningham,* for petitioner Bomer.

The circuit court has no original jurisdiction to determine whether or not a contract entered into under the provisions of act 63, Acts 1909, pp. 155-6, and of Kirby's Dig., §§ 1081-2-3, has been violated. The statutes confer exclusive original jurisdiction upon the county court. Kirby's Dig., §§ 1094-1098, inclusive.

Having no jurisdiction, the judgment of the circuit judge is void and should be quashed. 91 Ark. 539. On the hearing of the petition for habeas corpus the circuit judge was only authorized to examine into the validity of the process by which the petitioner was restrained of his liberty and the jurisdiction of the court by which it was issued. It is not the function of the writ to inquire into or correct errors. 48 Ark. 289; 70 Ark. 17.

*Stuckey & Stuckey* and *Ira J. Mack,* for respondent, Jones.

1. The county court was without authority to hire out the prisoner without his having been committed to the county

jail. In neither of the judgments pronounced against Jones does the court direct that he be put to labor in any manual workhouse, or on any bridge or public improvement, or that he be hired out to some person, until the fine and costs be paid. Act 63, Acts 1909, p. 155; Kirby's Dig., §§ 1069, 2443; 103 Pac. 663; 60 Atl. (Me.) 892; 93 S. W. (Ky.) 48. "To commit there must be an order of court entered on the book, or *mittimus*, or some appropriate writ." 93 S. W. 48. "The term commitment describes the process by which a person is confined under the order of the court." 3 Mich. 42. See also 67 N. E. 821; 62 N. E. 1086; 9 Nev. 95; 5 Ark. 104; 3 Blackstone (Cooley's) 255, 257.

2. Bomer had no right to hold Jones, work and detain him, for the reason that he was not being held conformably to law as respects the manner in which convicts shall be cared for and treated by contractors, and as he agreed to do in his contract. Kirby's Dig., §§ 1075, 1076, 1089. Jones' proper remedy was by habeas corpus. Art 2, sec. 11, Const. Ark.; 3 Blackstone (Cooley) p. 85; Kirby's Dig., §§ 3834, 3836, 3848, subdiv. 2, subdiv. 3, 3849; 54 N. W. 18; 20 L. R. A. 267; 36 Am. St. Rep. 907; 4 Mich. 578; 11 Tex. App. 281; 28 Tex. 326; 3 S. W. 771; 48 Ark. 289.

*John W. & Jos. M. Stayton* and *Coleman, Lewis & Cunningham*, for Bomer, in reply.

Failure of the judgment to specify just how the party convicted shall pay his fine does not make the judgment void, neither does it entitle him to release on *habeas corpus*. 70 Ark. 382; 11 Am. Cas. p. 1055; 21 Cyc. 298 and note 73; 13 L. R. A. (N. S.) 518. Since the circuit court had jurisdiction to render the judgments of conviction, that is ground for denying the petition for habeas corpus. 117 Fed. 449.

KIRBY, J., (after stating the facts). It is contended for petitioner herein that the judgment of the circuit court is void, it being without jurisdiction to render it, and by the respondent Jones, (1) that he was never committed to jail and not legally placed in the custody of the county contractor; and, (2) that the failure of the contractor to comply with the contract authorized the court to make the judgment remanding him to the custody of the jailer. It is conceded that the contract for the hire of the

convicts was duly and regularly made by the county court under the authority of section 1080 of Kirby's Digest, as amended by act 63 of the Acts of the Legislature of the 1909 session, which reads as follows:

"The county court or the judge thereof in vacation, is authorized and impowered to make a contract with some responsible person or persons for the maintenance, safe keeping and working of prisoners committed to the county jail except prisoners awaiting trial. He may make such contract as he may deem for the best interest of the county. For the purpose of making such contract to effectuate the provisions of this act, the said court or judge is invested with plenary power; provided no contract shall be made with any person or persons living outside the county court where said contract is made, unless he or they shall name an agent in county where said contract is made on whom service may be had, and said party or parties and their bondsmen shall be liable for damages in the county where said contract was made for any breach or violation of contract, and it is hereby made the duty of the county judge making any contract for the hire of any county prisoners, when said contract has been violated, to cause suit to be brought in the circuit court of the county where the contract was made, which is hereby declared to be the court of competent jurisdiction."

It is contended that "only prisoners committed to the county jail, except prisoners awaiting trial," may be legally delivered to the contractor under the law; and since judgments for the fines against said Eunice Jones did not direct that in default of their payment the defendant be imprisoned until the fine and costs was paid, that he had never been committed to jail within the meaning of the law and the contract made thereunder.

This contention is without merit. The law requires that where the punishment of an offense is by a fine "the judgment shall direct that the defendant be imprisoned until the fine and costs are paid," etc. (Kirby's Digest, § 2443), and such direction should have been included in said judgments against Jones, in default of the payment of the fines levied. Its omission, however, did not render the judgment void, and was a clerical misprision which could have been corrected, even after the ex-

piration of the term. Ex parte *Brady,* 70 Ark. 382; Kirby's Digest, § 431, subdivision 3.

The defendant was in court at the time of the rendition of the judgments, and it was the duty of the sheriff to retain him in custody until the fine and costs were paid. *Griffin v. State,* 37 Ark. 442.

The court could not discharge him for any informality, insufficiency or irregularity of the commitment. Section 3867, Kirby's Digest.

When it appeared that the petitioner was held in custody by the final judgment of the circuit court, a court of competent criminal jurisdiction, and under a contract legally made for the hire of such prisoners, the court should have remanded him to the custody of the contractor from whom he was taken. The county court had plenary power to make the contract for the hire of the county convicts and exclusive original jurisdiction to cancel such contract upon the failure of the contractor to comply with the contract and the law relating to the treatment of convicts delivered to him thereunder. Act 63, Acts 1909, p. 166; Kirby's Digest, § § 1094-1098. Said act gives the circuit court jurisdiction only of suits brought by the county judge for the violation of the contract, and it was without authority to declare the contract void in effect, at the suit of one of the convicts, legally confined and in the custody of such contractor, for his failure to treat said convict as required by law, and remand him to the custody of the jailer. Its judgment is void, and will be quashed.