# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

### *Ex parte* HOLDAWAY.

### Opinion delivered September 30, 1912.

1. HABEAS CORPUS—REVIEW.—The proper method of bringing up for review the actions of inferior courts or judges in proceedings for habeas corpus is by certiorari, and not by appeal; yet, where the Attorney General, representing the State, concedes that the record is correct, and has agreed that a cause on appeal may be heard as if a petition for certiorari had been duly presented and the record brought up for review in obedience to the writ issued thereon, the cause will be so considered. (Page 2.)

2. CRIMINAL LAW—SENTENCE—VALIDITY.—Although the law requires that, where the punishment of an offense is by fine, the judgment shall direct that the defendant be imprisoned until the fine and costs be paid, the omission to make such direction will not render the judgment void. (Page 3.)

3. SAME—SENTENCE—VALIDITY.—A judgment in a criminal case which recites that the defendant entered a plea of guilty without condition, and adjudges a recovery of the fine and costs assessed against him unconditionally, is not void because it recites further that the payment of the fine and costs was postponed to a future day, as such recital did not make the judgment conditional, and, if erroneous, was not prejudicial to the accused. (Page 4.)

Appeal from Arkansas Circuit Court; *Eugene Lankford* Judge; affirmed.

*J. M. Brice,* for appellant.

1. The judgment failed to direct imprisonment. Kirby's Digest, § 2443; 11 A. & E. Ann. Cases, 812; 36 Ark. 74; Acts 1909, p. 63; Castle's Digest 89.

2. The plea of guilty was only entered conditionally and the judgment was thereupon conditionally suspended 12 Cyc. 779; 51 Kan. 700; 33 Pac. 620; 2 Mich. N. P. 239.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1. The proper practice is by certiorari (45 Ark. 158; 48 *Id.* 283) and not by appeal.

2. The failure to direct imprisonment is an irregularity merely, and does not render the judgment void. 140 S. W. 22; 49 Ark. 143; 51 *Id.* 215; 60 *Id.* 93; 70 *Id.* 336.

3. There is no authority for a conditional plea of guilty. 94 Ark. 199.

FRAUENTHAL, J. This is an appeal from a judgment of the Arkansas Circuit Court refusing to discharge appellant from custody upon a proceeding for habeas corpus instituted by him. The petition for the issuance of the writ of habeas corpus was presented by appellant to the judge of the Pulaski Chancery Court, who issued same, making it returnable before the Arkansas Circuit Court. Upon the hearing of the application for habeas corpus, the Arkansas Circuit Court denied the same, and from that judgment the petitioner has appealed to this court.

In his brief in this case, the Attorney General has suggested that the proper practice to review the actions of inferior courts or judges in proceedings for habeas corpus is by certiorari and not by appeal; and we are of the opinion that this suggestion is correct. *Ex parte Jackson,* 45 Ark. 158; *State* v. *Neal,* 48 Ark. 253; *Ex parte Byles,* 93 Ark. 612; *Taylor* v. *Moore,* 99 Ark. 412. The Attorney General, however, concedes that the record returned upon this appeal is correct, and he has agreed that the matter may be heard as if the petition for certiorari had been duly presented to this court and the record brought up for review in obedience to the writ issued thereon. We will therefore consider the matter as thus properly before us for review by certiorari.

It appears that at the April, 1910, term of the Arkansas Circuit Court two indictments were duly and regularly pending against the appellant, in each of which he was charged with the separate offense of selling liquor without license. He appeared in person at that term of court and entered a plea of guilty to each indictment, and thereupon the court rendered two separate judgments of conviction against him upon said indictments. One of the judgments was duly satisfied, but

the other has not been paid nor in any manner satisfied. The latter judgment is as follows: "On this day comes the State of Arkansas by her prosecuting attorney, Geo. W. Clark, and comes the defendant, H. W. Holdaway, in his own proper person, and by leave of court enters herein a plea of guilty to the charge contained in an indictment charging him with the selling of liquor without license. Whereupon the court doth assess his fine at $50. It is therefore considered, ordered and adjudged by the court that the State of Arkansas for the use of Arkansas County do have and recover of and from the defendant, Henry Holdaway, the sum of $50 for fine, and all costs herein expended, and execution issue therefor, and that defendant stand on his present bond until the November term of this court, at which time he is to arrange for the payment of said fine and costs."

It appears that the county court of Arkansas County had duly entered into a contract with one Hugh Watson for the maintenance, safe-keeping and working of prisoners committed to the jail of said county, in pursuance of section 1080 *et seq.* of Kirby's Digest and the acts amendatory thereof. On April 22, 1912, a commitment was issued upon the above judgment, under which the sheriff of said county delivered appellant to said Watson to be kept and worked under said contract; and it was under this authority that he was held in custody by said Watson, the legality of which is assailed by appellant by this proceeding.

In his petition for habeas corpus the appellant alleged that said Watson was holding and working him for the purpose of paying the fine of $50 and costs adjudged against him, and he urges that his detention thereunder is illegal principally upon two grounds: First, because the judgment failed to direct that in default of the payment of the fine and costs he should be committed to the county jail and by the jailer delivered to the county contractor; and, second, because the plea of guilty was only entered by him conditionally, and that the judgment was thereupon conditionally suspended.

It is provided by section 2443 of Kirby's Digest that "if the punishment of an offense shall be a fine, the judgment shall direct that the defendant be imprisoned until the fine and costs are paid." And by other provisions of our statute it is prescribed that all persons convicted and committed to the

county jail shall be delivered to the contractor, who shall keep and work such prisoners for the time they shall have been adjudged to have been imprisoned. Kirby's Digest, § §1085, 1091. The proper judgment, therefore, which should be rendered, when the punishment for an offense is by fine, is to also direct that the defendant be imprisoned until the fine and costs are paid. But a failure to incorporate such direction in the judgment does not render it void.

This question was decided in the case of *In re Jones,* 100 Ark. 226. In that case a similar contention was made, and relative thereto we said: "The law requires that where the punishment of an offense is by fine, the judgment shall direct that the defendant be imprisoned until the fine and costs are paid, and such directions should have been included in such judgments against Jones in default of the payment of the fines levied. Its omission, however, did not render the judgment void."

In his petition the appellant alleged that he entered into an agreement with the prosecuting attorney under which he was to plead guilty to the two charges made against him in the two indictments; that he should satisfy the judgment entered in one case, and, on condition that he would give full and truthful testimony in a case pending against another party, and not be guilty of any illegal sale of liquor in the future, he would not be required to pay the judgment in the other case; that he duly complied with these conditions, and for that reason the above judgment is unenforceable.

In the case of *Joiner* v. *State,* 94 Ark. 198, it was held that there is no authority for a plea of guilty to be entered and received on any kind of condition, or for any judgment to be suspended on condition. In that case the contention was made that the pleas of guilty were entered only on condition, and for that reason the court erred in rendering judgment on such pleas. In that case the court said: "The record made by the clerk at the time showed that the pleas of guilty were entered unconditionally," and thereupon held that the judgments of conviction therein rendered were regular and valid. So in the present case the record shows that the plea of guilty was entered unconditionally. The judgment entered thereon, therefore, was correct. Nor does it appear that the judgment

was suspended on any condition.   The record recites that the appellant entered a plea of .guilty without condition, and adjudges the recovery of the fine and costs assessed against him, without any condition.   It is true that the judgment recites that the payment of such fine and costs was postponed to a future day.   This, however, did not make the payment of the judgment conditional.   The judgment was still made absolute, and the time of payment thereof was only postponed.   This at most was only an error; but, if an error, it was in favor of the appellant, and one therefore of which he can not complain.   This did not render the judgment void.   It is not contended that the judgment has been paid or satisfied.   It follows that the judgment is still effective, and, as was said in the case of In re *Jones, supra,* "when it appeared that the petitioner was held in custody by the final judgment of the circuit court, a court of competent criminal jurisdiction, and under a contract legally made for the hire of such prisoners, the court should have remanded him to the custody of the contractor."

It follows that the court did not err in refusing to discharge the appellant, and its judgment is affirmed.