BAIRD v. BRAY.

Opinion delivered October 23, 1916.

1.  MUNICIPAL CORPORATIONS—DRUMMING FOR HOTELS, ETC.—POLICE POWER.—A city ordinance prohibiting the owners or proprietors of hotels, rooming or boarding houses, etc., from drumming or soliciting upon the streets of the said city, except within certain defined limits, is a valid exercise of the power given to municipal corporations in Kirby's Digest, § 5438.

2.  MUNICIPAL CORPORATIONS — POLICE POWER—ENFORCEMENT.—A city has the power to prevent the evasion of the provisions of an ordinance, authorized by the Legislature.

Certiorari to Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*James E. Hogue,* for petitioner.

The ordinance is void, being in conflict with the State Constitution, Art. 2, Sec. 18, and with the 14th Amendment of the Federal Constitution. It is also in direct conflict with that part of Section 5438, Kirby's Digest, which provides that "Any *bona fide* owner or proprietor of any hotel or boarding house may solicit patronage to his hotel or boarding house without being required to wear a badge or pay license therefor."

*A. J. Murphy,* for appellee.

The statute, Kirby's Dig., § 5438, authorizes the city council to regulate soliciting to hotels, etc., by owners and proprietors as well as to regulate soliciting by hired drummers, the only exceptions in favor of owners being that they may not be required to wear badges or to pay license.

The presumption is that the council are the best judges of the enactment of the law, in the light of their familiarity with the mischief to be remedied. 64 Ark. 152. And unless it is void on its face, or the proof shows that it is an unreasonable regulation, the Court will presume that it is reasonable. 52 Ark. 312. See also 84 Ark. 522; 85 Ark. 465. The ordinance is not in conflict with Sec. 18, Art. 2, State Constitution, nor

with the 14th Amendment, but is a proper exercise of police power. 85 Ark. 465.

McCulloch, C. J. The petitioner, Dick Baird, was arrested for violation of an ordinance of the City of Hot Springs regulating drumming by proprietors of hotels, rooming houses, etc. A fine was imposed by a judgment of the police court, and petitioner obtained from the judge of the circuit court a writ of *habeas corpus* to inquire into the legality of his imprisonment under the judgment of conviction. The case was heard by the circuit judge on the return of the writ, and an order was made remanding the petitioner to the custody of the chief of police. The judgment is brought here, on certiorari, for review.

An attack is made on the validity of the ordinance, and that is the only question that we can consider, for we must indulge the presumption in this proceeding that there was evidence sufficient to sustain a finding as to a violation of the ordinance in question.

The ordinance reads as follows:

"Section 1. That hereafter it shall be unlawful for any owner or proprietor of any hotel, rooming house, boarding house, furnished apartment, or furnished cottage, to drum or solicit for his or her hotel, rooming house, boarding house, furnished apartment or furnished cottage on the streets of the city of Hot Springs, Arkansas, or in other public places except as hereinafter provided.

"Sec. 2. It shall be lawful for any one owner of a hotel, rooming house, boarding house, furnished apartment or furnished cottage to drum or solicit for his or her hotel, rooming house, boarding house, furnished cottage or furnished apartment at any place on the streets of the said city of Hot Springs, Arkansas, within fifty feet of his or her hotel, rooming house, boarding house, furnished apartment or furnished cottage.

"Sec. 3. Any soliciting or drumming as aforesaid at any place outside the fifty feet as aforesaid shall constitute a misdemeanor and any person convicted

thereunder shall be fined in any sum not less than ten dollars, nor more than twenty-five dollars.

"Sec. 4. The word to 'drum' or to 'solicit' as used in this ordinance shall be construed to mean any word, deed, or act or acts, whereby such persons shall endeavor to persuade, induce, influence, or prevail upon any 'stranger or person who does not reside in this city to patronize any hotel, rooming house, lodging house or furnished apartment in this city or to visit any such hotel, rooming house, lodging house or furnished apartment with a view of patronizing or stopping at same."

The authority of the city of Hot Springs to pass the ordinance in question must be found, if at all, within the scope of the legislative delegation of power to municipal corporations "to regulate drumming or soliciting persons who arrive on trains, or otherwise, for hotels, boarding houses, bath houses or doctors; to license such drummers, and to provide that each drummer shall wear a badge plainly exposed to view, showing for whom and for what he is drumming or soliciting patronage, and to punish by fines any violation of this provision; provided, that any *bona fide* owner or proprietor of any hotel or boarding house may solicit patronage to his hotel or boarding house, without being required to wear a badge or pay license therefor." Kirby's Digest, Sec. 5438.

It will be observed that the ordinance under consideration is directed at the owners or proprietors themselves. Whether or not it also includes hired drummers, we need not stop to inquire. We assume, however, that there is another ordinance of the city regulating mere drummers, that is to say, those who are not owners or proprietors, but who act as drummers or solicitors for the owners, and regulating them and requiring them to procure license and wear a badge.

It is contended that the city had no authority under the statute to regulate drumming or soliciting

by the owner or proprietor of a hotel or boarding house, etc. The decision of this court in *Taylor* v. *Moore*, 99 Ark. 412, seems to be against that contention, for the ordinance there was directed at proprietors of hotels and we held that it was a valid ordinance. It will be observed that the statute confers the power generally to regulate drumming for hotels, bath houses and doctors, and then follows the authority to license such drummers and to require each of them to wear a badge. The proviso which then follows in the statute is that the owner or proprietor of any hotel or boarding house may solicit patronage to his hotel without being required to wear a badge or pay a license The exception in the statute in favor of the owner or proprietor does not reach to the power of regulation, but merely forbids any requirement that he shall obtain a license or wear a badge.

The lawmakers evidently intended to confer upon municipalities the power to regulate soliciting patronage for hotels and boarding houses even by the proprietors themselves, but that in addition to that, those who are not owners may be required to obtain a license and wear a badge. It was thought unwise or unnecessary to impose that burden upon owners themselves, but the Legislature intended to confer a power to regulate in other respects. We are of the opinion that the ordinance in question falls clearly within the scope of the authority conferred by the Legislature and that it is not an unreasonable exercise of the power conferred. The activities of the owners of hotels in soliciting for their business is, indeed, restricted within very narrow bounds under this ordinance, but it must be remembered that the ordinance only undertakes to regulate soliciting on the streets or in any public places of the city, and the owner is not allowed to solicit in those places except within fifty feet of his own hotel or boarding house.

We decided in *Williams* v. *State*, 85 Ark. 464, that it was a proper matter of police regulation to prohibit

drumming on the trains, for the reason that those places constituted public ways, and it was within the power of the Legislature to protect travelers from the importunities of drummers. The decision of this court, construing that statute and upholding it, was affirmed by the Supreme Court of the United States (217 U. S. 79). For the same reason we ought to uphold the power of the Legislature to protect travelers on the streets and in other public places from such annoyances. If the Legislature possesses such power itself, it may delegate it to the municipalities, and we think it has done so in this instance.

The statutory authority to regulate is confined to drumming or soliciting "persons who arrive on trains or otherwise," and in *Taylor* v. *Moore, supra,* we said that it was not intended to regulate drumming or soliciting generally for hotels. We construed the ordinance then under consideration to apply only to those arriving on trains, and the ordinance now before us may be so interpreted. We think, however, on further consideration, that the language just referred to was unnecessary to the decision and perhaps went beyond what we ought to have said concerning the power of regulation under this statute. While it was the clearly expressed purpose of the Legislature to confer authority to regulate only the business of soliciting "persons who arrive on trains or otherwise," yet it must be implied that the municipality may do whatever is necessary in order to carry out that purpose. There might be found no other way to prevent evasions of the law, and we are therefore of the opinion that an ordinance prohibiting the owners or proprietors from soliciting upon the streets is a valid exercise of the power, for it does in fact prevent evasions of the regulation and obviates the necessity of proving in every instance that the particular person solicited is a new arrival. The power to prevent evasions of authority expressly conferred must be implied. *State* v. *Brewer*, 114 Ark. 149; *New York ex rel. Silz* v. *Hesterberg*, 211 U. S. 31.

Our conclusion is, therefore, that the ordinance in question is valid, and that the judgment of the circuit judge in refusing to release the petitioner on the hearing of the *habeas corpus* was correct.

Affirmed.

KIRBY, J, dissents.