MIDDLETON *v*. STATE.

Opinion delivered July 9, 1923.

1. CRIMINAL LAW—EFFECT OF STAY OF SENTENCE.—Where accused was convicted of a misdemeanor and sentenced to a fine and imprisonment, and was given a stay of sentence of thirty days and allowed to remain on his present bail bond, no presumption arises that the penalties imposed have been satisfied, and the court did not lose jurisdiction of his person by permitting accused to remain at large.

2. CRIMINAL LAW—STAY OF SENTENCE—REARREST.—One convicted of a misdemeanor and sentenced to a fine and imprisonment with a stay of sentence for thirty days, cannot resist rearrest upon the ground that he had lost his right of appeal after paying his fine, under the belief that such payment would effect his release from the imprisonment, where such belief was not induced by any act of the court.

3. CRIMINAL LAW—UNSATISFIED JUDGMENT—ARREST AND COMMITMENT.—An unsatisfied judgment against one permitted to remain at large on his bail bond may be enforced by his arrest and commitment.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; affirmed.

*Murphy, McHaney & Dunaway,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter* and *Wm. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J. This is an appeal from the First Division of the circuit court of Pulaski County, refusing to quash a commitment issued March 28, 1923, on a judgment for vagrancy rendered in said court against appellant on December 10, 1921. The judgment rendered on the vagrancy charge is as follows:

"It is therefore considered, ordered and adjudged by the court that the State of Arkansas, for the use of Pulaski County, do have and recover of said defendant, Clarence Middleton, the sum of $100, together with all costs of this prosecution, and have execution therefor, and that he be imprisoned in the Pulaski County jail for the period of 60 days. It is further ordered by the court, in case said fine and costs be not immediately paid, that said defendant be imprisoned in the manner provided by law until such fine and costs are paid, or otherwise discharged by due course of law. Execution thereof is stayed until the 10th day of January, 1922, and it is ordered that defendant remain on his present bond."

An appeal was not prayed or prosecuted from said judgment. Subsequently appellant paid the fine and costs, but did not surrender himself and serve out the jail sentence imposed upon him in the judgment. The stay of sentence was treated by the officers as a suspension of judgment during good behavior, but no order of the court was made to that effect. In the attempt to quash the commitment issued March 28, 1923, counsel for appellant made the following request:

"We desire the record to show that I (M. E. Dunaway) was representing the defendant at that time; that, while it is true the jury returned a verdict as stated by the court, that the defendant was given time to perfect an appeal from that verdict and judgment of the court; that, while that appeal was pending, the defendant was permitted to pay the fine and costs, and that the records of this court do not reflect any further proceedings in the matter; that he was permitted to pay said fine and costs, and it was the understanding of his counsel at the time that his sixty days' sentence was to be dropped. Let us read the record into the proceedings." The court refused, over the objection and exception of appellant, to make the request a part of the record, and in doing so said:

"Let the record show that no conduct or action of the court at the time said verdict was returned by the jury, or the judgment of the court rendered on said verdict, was done to lead the defendant to understand that he was immune from the execution of said sentence and judgment."

Appellant then objected to any proceedings on the part of the court at the time. The objection was overruled, and an exception saved.

The State then introduced Homer Adkins, sheriff, who testified that he had a commitment for appellant, whereupon the State and appellant rested.

Thereafter, over the objection of appellant, the State was permitted to introduce testimony tending to show that appellant had violated certain laws subsequent to his conviction for vagrancy. Appellant then introduced testimony tending to show that he had lived an exemplary life after the execution. Also to the effect that he intended to pray and prosecute an appeal, and would have done so, had he not understood that by paying the fine and costs he would not be required to serve the jail sentence. This understanding was obtained from his attorney in a conversation between them.

At the conclusion of the testimony the court ordered that the commitment stand, and that appellant serve his sentence on the county farm.

Appellant then filed a motion for rehearing, which was overruled, and prayed an appeal, which was denied. The case was then brought to this court upon petition for an appeal or writ of certiorari. The transcript of the proceedings having been lodged in this court, it is unnecessary to determine whether appeal or certiorari is the proper remedy.

Appellant's first contention for a reversal of the judgment is that the court had no jurisdiction to order the commitment because, it is argued, a presumption must be indulged that the penalties imposed on appellant in the judgment of December 10, 1921, were dis-

charged by him. The record reflects that execution was stayed upon the judgment until January 10, 1922, and that appellant was released upon his appearance bond. A release on an appearance bond is not a discharge from penalties imposed by a judgment, and a presumption cannot be indulged that penalties imposed therein were satisfied while appellant was at large under bond. Had the records shown that appellant appeared and surrendered himself, in keeping with the conditions of his appearance bond, then, after the lapse of sufficient time, a presumption would necessarily be indulged to the effect that he had satisfied the judgment, if afterwards found at large. No such presumption could be indulged in his favor as long as the record reflected that he was out on bond. Such a presumption would amount to a contradiction of the record. The court did not, therefore, lose jurisdiction over the person of appellant and the right to enforce the judgment against him, by permitting him to remain at large on his appearance bond.

Appellant's next contention for a reversal of the judgment is that he lost his right to appeal from the vagrancy judgment by payment of the fine and costs, understanding at the time that the payment of the fine and costs would also effect his discharge from the jail sentence. The record does not show that the judgment imposing the jail sentence was set aside by the court. Appellant testified that he paid the fine and costs under the advice of his attorney, who informed him that such payment would relieve him from serving out the jail sentence. The record does not show that anything said or done by the court induced appellant to pay the fine and costs or led him to believe the payment of same would effect his release. This contention of appellant is not supported by the record.

Appellant's next and last contention for a reversal of the judgment is that there is no authority in the law to arrest and commit one convicted of a misdemeanor after once being discharged. According to the record,

appellant was never discharged. He was out on bond, and, while at large, paid the fine and costs, but never surrendered himself and served out the jail sentence adjudged against him. Appellant cites the case of *State v. Piggues,* 58 Ark. 192, in support of his contention that he was immune from arrest and commitment. In that case the appellant had given a bond with security in satisfaction of the judgment in the manner provided by law. Satisfied judgments cannot be enforced against a defendant by arrest and commitment, but unsatisfied judgments may be.

No error appearing, the judgment is affirmed.