KETCHUM v. VANSICKLE.

Opinion delivered September 27, 1926.

CRIMINAL LAW—AUTHORITY TO SUSPEND SENTENCE.—Where the circuit court without authority suspended the execution of a sentence for one year in the penitentiary, to which suspension the defendant consented, the court had authority, more than a year later, to direct that the suspended sentence be enforced.

Appeal from Garland Chancery Court; *Earl Witt,* Special Chancellor; affirmed.

*Cobb & Cobb,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

SMITH, J. On the 10th day of December, 1924, appellant entered a plea of guilty in the Garland Circuit Court to the crime of manufacturing whiskey, and the court entered a judgment sentencing him to a term of one year in the penitentiary. After directing that appellant be remanded to the custody of the sheriff of the county, to be delivered to the keeper of the penitentiary, the judgment concluded with the following recital: "It is further considered, ordered and adjudged by the court that this judgment and sentence be suspended upon the condition that said defendant does not violate any of the prohibition or gambling laws, nor carry concealed weapons; he shall remain in some useful employment, and shall pay all the costs of this action."

On the 14th day of May, 1926, appellant was again brought before the Garland Circuit Court, and, in a proceeding then had, it adjudged that appellant had violated the condition recited under which the sentence had been suspended, and the court revoked the suspension of the sentence and directed that appellant be confined in the penitentiary in discharge of the original judgment, and appellant sought by habeas corpus to obtain his release, upon the alleged ground that the circuit court did not have the jurisdiction to make this order, for the reason that more than a year had expired since the original sentence was pronounced. The chancellor heard the petition

for habeas corpus, and denied the relief prayed, and remanded appellant into the custody of the sheriff of Garland County, to be carried to and confined in the penitentiary, and we treat this appeal as a proceeding by certiorari to review these orders of court.

As appears from what we have said, the chief insistence is that the circuit court had no jurisdiction to revoke the suspension of the sentence after the expiration of the year from the time of the rendition of the original judgment sentencing appellant to one year's imprisonment.

Appellant says the proceeding wherein the sentence was pronounced, from which he has appealed, was not had under act 76 of the Acts of 1923 (General Acts 1923, pages 40 *et seq.*). Section 1 of this act gives the circuit judges, when it is deemed best for a defendant who has pleaded guilty or been convicted, and not harmful to society, the right "to postpone the pronouncement of final sentence," upon such conditions as shall be deemed proper; and § 2 of the act confers the authority upon a circuit judge, at any time the court may be in session, "to revoke the suspension and postponement" of sentence authorized by § 1 of the act, whenever that course shall be deemed for the best interest of society and such convicted prisoner.

We think counsel is correct in saying that the proceeding was not had pursuant to the provisions of this act, for the reason that the sentence was not postponed. Sentence was pronounced and a final judgment rendered, after which the pronounced sentence and judgment was suspended.

The original sentence was a suspended sentence, and, this being true, the case of *Davis* v. *State,* 169 Ark. 932, affords full authority for the action taken by the circuit judge in directing that the sentence be executed. In this case, as in that, the postponement of the imprisonment was done with the consent of the accused, and it may be said here, as it was said there, that the accused cannot object to being called upon to serve the sentence. It was there further said: "It does not make

any difference that more than a year has elapsed since the sentence of one year's imprisonment in the penitentiary was imposed. While at large under the void orders of the circuit court, to which he assented, the defendant was in the same situation that he would have been had he escaped from custody. A sentence of imprisonment is satisfied, not by lapse of time after it is pronounced, but by actual suffering of the imprisonment imposed by it. The reason is that the time at which a sentence shall be carried into execution is not provided by statute and forms no part of the judgment of the court. *Massey* v. *Cunningham, ante,* p. 410.''

Appellant also insists that he is entitled to his discharge under the authority of the case of *Williams* v. *Brent, ante,* p. 367.

That case, however, has no application here. The facts in that case were that Brents had been sentenced to three years in the penitentiary, and, by due process of law, was committed as a prisoner in the State Penitentiary to serve said sentence, and thereafter, by a series of commutations, which had been termed furloughs, respites were granted by the Governor for periods of time sufficient to cover the entire sentence, and we held, in effect, that, by these commutations of sentence, Brents' term of imprisonment had been expiated. In the instant case there was no attempt to commute any portion of appellant's term of imprisonment. Indeed, the circuit judge possesses no such authority, and the case presented is that of the right of a circuit judge to direct that a suspended sentence be served by the person against whom it was pronounced.

As we have seen, the Davis case confers authority upon the circuit judge to so direct, and the certiorari will therefore be quashed and the judgment affirmed.