SCRUGGS v. NORTH LITTLE ROCK.

Opinion delivered March 18, 1929.

*W. W. Shepherd,* for appellant.

*Tom F. Digby,* for appellee.

SMITH, J. In December, 1927, appellant was tried in the municipal court of North Little Rock upon the charge of reckless driving. The court docket reflects that the following judgment was rendered: "Docket No. 6, case No. 4083, page 817. T. N. Scruggs; charge, reckless driving; fined $25 and sixty days. Suspended on promise to stop running a jitney in or past the city of North Little Rock, or picking up passengers therein."

In September, 1928, appellant was brought into the same court upon the charges of assault and battery and disturbing the peace, and, after a trial upon these charges (which resulted in the imposition of a fine in each case), the court ordered the chief of police to take appellant into custody under the judgment in the reckless driving case. This order was made without any proceedings being had in that case except that of the order to take appellant into custody. Upon this order being obeyed, appellant sued out a writ of habeas corpus, in which he

prayed his release from custody upon the ground that no final or enforceable judgment had been rendered against him. The circuit court held against this contention, and ordered that appellant be remanded to the custody of the chief of police of North Little Rock, and this appeal is from that order.

The judgment of the circuit court from which this appeal comes accords with the views of this court in the cases of *Holden* v. *State,* 156 Ark. 521, 527, 247 S. W. 768; *Middleton* v. *State,* 160 Ark. 108, 254 S. W. 342; and *Davis* v. *State,* 169 Ark. 932, 937, 277 S. W. 5.

The municipal court rendered a final and enforceable judgment when the sentence of a fine of $25, with imprisonment for 60 days, was imposed. *Tong* v. *State,* 169 Ark. 708, 716, 276 S. W. 1004; *ex parte Holdaway,* 105 Ark. 1, 150 S. W. 123. The jurisdiction of the court to render this judgment is not questioned, but it is earnestly insisted that the judgment immediately ceased to be effective and enforceable as a judgment when it was further ordered that it be "suspended on promise to stop running a jitney in or past the city of North Little Rock, Ark., or picking up passengers therein." It is not now contended on behalf of the city, in support of the judgment here appealed from, that the judge of the municipal court had the power to impose the condition upon the enforcement of the judgment which was imposed, and it may be said with emphasis that he had no such power. This condition was clearly an excess of power; but there was no excess of power in imposing the sentence itself.

The Davis case, *supra,* is one in which the circuit court, upon a plea of guilty to the charge of selling intoxicating liquors, had imposed upon the defendant a sentence of one year in the penitentiary, but, in the same judgment, had ordered the sentence be stayed, "provided the defendant did not * * * violate any of the liquor laws of the State of Arkansas; but should he at any time violate any of the liquor laws of this State, then this judgment and sentence is to be in full force and effect

from and after any violation by him.'' At a later term of the circuit court an order was entered of record wherein it was adjudged that the suspension of the execution of the judgment against the defendant Davis was without authority, and the court then entered a judgment suspending the execution of the sentence indefinitely. At a still later term of the court a motion was filed to revoke the order suspending the execution of the sentence, on the ground that the defendant had again violated the liquor laws. The court found that the defendant had violated the previous orders of the court in the premises, and that the suspension of the execution of the sentence should be revoked. It was therefore ordered that the defendant be taken into custody until he had discharged the original sentence, and from that order an appeal was prosecuted.

We there said that the appeal raised the question whether the court had the power to suspend the execution of a sentence for an indefinite time, and we held that the court had no such power.

The judgment there involved was one which had been rendered by a circuit court, and it was said that neither the Constitution of the State nor any statute thereof conferred this power at the time the sentence was imposed, although, as was pointed out, this power was later conferred on circuit courts. Inquiry was then made whether this power existed at the common law, and, after a review of the authorities, it was there said that, ''according to the annotation in these reports, the weight of authority is that, in the absence of a statute conferring it, courts have no power to suspend the execution of their sentences indefinitely.'' It was there also said that ''it is evident that, when a court undertakes, on its own motion, to suspend a sentence indefinitely, it really refuses to enforce the punishment provided by statute, unless it shall at some future time conclude that it is proper to do so. The power to exercise discretion as to the enforcement of the punishment provided by

law and pronounced by the court is vested in the Governor."

The court then announced the conclusion that the circuit judge in each instance above mentioned exceeded his power, and that the stay of the execution of the sentence was void, and it was held that the circuit court had the right to order the defendant to be taken into custody, to the end that he might serve his sentence.

The opinion in the Davis case cites numerous cases on the subject, which we do not again review, as the opinion in that case is decisive of the present appeal.

The opinion in the case of *Massey* v. *Cunningham*, 169 Ark. 413, 275 S. W. 737, points out the difference which some courts have made between the power to suspend the imposing of a sentence and the power to suspend the execution of a sentence, but we do not consider this distinction here, for the reason that the sentence was imposed, and the attempt of the court was to suspend its execution, and the exact point decided in the Davis case, *supra*, was that this could not be done. See *Ketchum* v. *Vansickle*, 171 Ark. 784, 286 S. W. 948.

The judgment of the circuit court is therefore correct, and must be affirmed, and it is so ordered.