# CITY OF CLINTON *v.* Dora P. JONES

90-62 787 S.W.2d 242

Supreme Court of Arkansas
Opinion delivered April 23, 1990

*John C. Aldworth*, Clinton City Attorney, for petitioner.

No response.

ROBERT H. DUDLEY, Justice. The Municipal Court of Clinton found appellee, Dora Jones, guilty of public intoxication and leaving the scene of an accident. The findings in the judgment of conviction recite, among other things, that the appellee had habitually abused herself with librium, alcohol and codeine to the extent that she was a danger to herself, and, in lieu of a sentence, she was committed to an alcohol treatment facility for not less than thirty (30) nor more than ninety (90) days. *See* Ark. Code Ann. § 20-64-709 (1987). Her appeal bond was set at $500.00. The hearing, judgment, and fixing of the amount of bond all occurred late in the afternoon of Friday, March 3, 1989. Appellee did not make bond. Later that evening she was transported to the treatment facility.

Six days later, on Thursday, March 9, while still in the recovery facility, and with neither making the appeal bond nor seeking a reduction of bond, she filed a petition for a writ of habeas corpus in circuit court. The allegations of the petition were that (a) no evidence was introduced in municipal court to show that appellee habitually abused herself with alcohol or drugs and (b) petitioner was denied her right to appeal because she could not make bond over the weekend of Friday night, March 3, and Saturday and Sunday, March 4 and 5. The trial court issued the writ on the day the petition was filed, Thursday, March 9, and made it returnable on March 13. After the hearing on the 13th, the circuit court ordered that appellee be released because (a) no evidence was introduced in municipal court to show she habitually abused alcohol or drugs and (b) she was denied her right to appeal. The City of Clinton later found out about the ex parte proceeding and sought to intervene and have the circuit court order vacated. The circuit court refused to allow the intervention. The City "appeals" the circuit court's order releasing the appellee pursuant to the Writ. The order releasing the appellee was erroneously issued.

 First, we address the matter of whether we will hear this "appeal." The proper method of bringing up proceedings on habeas corpus for review is by means of a writ of certiorari. *Taylor* v. *Moore*, 99 Ark. 412, 138 S.W. 634 (1911). However, even though parties have said they "appeal," we have treated the

matter as one to be reviewed by certiorari. *Ex Parte Holdaway*, 105 Ark. 1, 150 S.W. 123 (1912). *See also Von Luce* v. *Rankin*, 267 Ark. 34, 588 S.W.2d 445 (1979). We so treat this case. Further, the general rule is that one who was not a party to the habeas corpus proceeding below is ordinarily not entitled to apply for a writ of certiorari to review the trial court's finding; however, there are exceptions to the general rule, and one of them is that the State may seek review when a defendant is released. *Ex Parte Boles*, 88 Ark. 388, 114 S.W. 918 (1908). Here, the State seeks review because a defendant has been released from a hospital confinement ordered in lieu of sentence without posting the appeal bond. Accordingly, we will exercise jurisdiction and hear this matter.

The circuit court issued the writ of habeas corpus. Such a writ is to be granted only when a person is (1) detained without lawful authority or (2) imprisoned when by law he is entitled to bail. Ark. Code Ann. § 16-112-103 (1987). The writ of habeas corpus is not to be used as a substitute for appeal. In emphasizing that it is not to be used as a substitute for appeal, we have said that in habeas corpus proceedings it is conclusively presumed that there was sufficient evidence to sustain a conviction. *Baird* v. *Bray*, 125 Ark. 511, 189 S.W. 657 (1916).

In discussing the first ground for issuance of the writ, we have said that a person is detained without lawful authority when it is shown (1) that the commitment is invalid on its face, or (2) the court lacked jurisdiction. *Mitchell* v. *State*, 233 Ark. 578, 346 S.W.2d 201 (1961). In this case the circuit court did not find that the municipal court commitment was invalid on its face nor that the municipal court lacked jurisdiction. In fact, the commitment was regular on its face and the municipal court had subject matter and personal jurisdiction over the appellee. Thus, the circuit court could not have properly released the appellee on the first ground.

The second ground for the issuance of the writ is that a person "is imprisoned when by law he is entitled to bail." The circuit court did not find that appellee was confined to the treatment facility when by law she was entitled to bail. We could summarily end the discussion on that basis. However, the circuit court did find that she was denied her right to appeal. If a person is

denied the right to appeal, she could be confined "when by law she is entitled to bail." Accordingly, we address the issue.

The circuit court's ruling that "she was denied her right to appeal" is clearly erroneous. The record in this case reflects the municipal court set an appeal bond of $500.00. The appellee's petition recites that a "$500.00 appeal bond was set. . ." and the appellee testified that the municipal judge set the appeal bond at $500.00. The record reflects that appellee simply did not make bond, and did not petition to have the bond reduced, even though she was represented by an attorney at all times.

A possible reason for the trial court's finding that appellee was denied a right to appeal is appellee's testimony that the municipal court judge would not have been available to approve the bond over the weekend of March 4 & 5. If that is the basis of the holding, it would also be in error because (1) she never attempted to make bond, and (2) the judge's absence the weekend of March 3-5 was not material to the issue of making bond on Thursday, March 9, the date she filed the petition. Accordingly, the trial court erred in ordering the appellee released.

The order releasing appellee is quashed on certiorari.