Arnold J. McCONAUGHY *v.* A. L. LOCKHART

92-427 840 S.W.2d 166

Supreme Court of Arkansas
Opinion delivered October 26, 1992

*Arnold J. McConaughy*, Pro Se, for petitioner.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst.
Att'y Gen., for respondent.

ROBERT H. DUDLEY, Justice. In 1989, the petitioner was convicted of robbery and theft of property and was sentenced to the penitentiary as a habitual offender. We affirmed. *McConaughy v. State*, 301 Ark. 446, 784 S.W.2d 768 (1990). In 1991, he filed a petition for a writ of *habeas corpus*. The circuit court ruled that the facts pleaded did not state a ground for the issuance of the writ and denied the petition. While petitioner "appeals" this decision, the proper manner to bring up review of such proceedings is by writ of *certiorari. See City of Clinton v. Jones*, 302 Ark. 109, 787 S.W.2d 242 (1990). However, we will treat such an appeal as a matter to be reviewed by *certiorari*. As such, we deny the writ of *certiorari*.

 We have repeatedly held that a writ of *habeas corpus* will issue only if the commitment was invalid on its face or the committing court lacked jurisdiction. *See, e.g., Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). The petitioner first asks us to extend the scope of relief available by writ of *habeas corpus*. We have recently declined to do so, *Wallace v. Willock*, 301 Ark. 69, 781 S.W.2d 484 (1989), and see no reason to reverse ourselves. Petitioner next argues that he did, in fact, allege lack of jurisdiction in the committing court because he alleged that he was charged by information rather than by indictment. We have repeatedly held that an information is a valid charging instrument, *see, e.g., Hamm v. State*, 296 Ark. 385, 757 S.W.2d 932 (1988), and this argument is not cognizable by *habeas corpus. Griswold v. Lockhart*, 308 Ark. 265, 822 S.W.2d 388 (1992).

 Petitioner argues that his trial counsel failed to adequately defend him because counsel did not bring up petitioner's past mental problems. Ineffective assistance of counsel claims are not cognizable by *habeas corpus. Gonzales v. Evans*, 308 Ark. 264, 822 S.W.2d 390 (1992). He next argues that a delay in his commitment to the State Hospital so prejudiced the result of his mental evaluation that he was denied a fair trial. A writ of *habeas corpus* will not issue to correct errors or irregularities that occurred at trial. *Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991).

Writ denied.